# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FELD MOTOR SPORTS, INC. | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-543 |
| | § | Judge Mazzant |
| TRAXXAS, LP | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Traxxas, LP's Motion for Summary Judgment (Dkt. #51) and Plaintiff Feld Motor Sports, Inc.'s Motion for Summary Judgment (Dkt. #54). After reviewing the relevant pleadings, the Court finds that the motions should be denied.

## BACKGROUND

On or about September 20, 2010, Traxxas, LP ("Traxxas") and Feld Motor Sports, Inc. ("Feld") entered into the Monster Jam License Agreement (the "License Agreement") (*See* Dkt. #1 at ¶ 1). The License Agreement gave Traxxas the right to use certain Intellectual Property of Feld in the marketing and sale of Traxxas' R/C trucks (Dkt. #1 at ¶ 3). In return, Feld would be paid a royalty on those sales (*See* Dkt. #1 at ¶ 4). Specifically, the Licensing Agreement, in relevant part, states:

> 5. Royalty Rate: In determining the number of **Licensed Articles** on which Licensor will receive royalties, "**Licensed Articles**" shall be deemed to include **all R/C Vehicle Units and R/C Bodies** manufactured with the Stampede chassis and/or Stampede body, **whether or not branded with the Property or "Stampede."**

(Dkt. #54, Exhibit 11 at p. 11; Dkt. #1 at ¶ 4).

On April 14, 2014, Traxxas filed its complaint in state court, in which it sought a declaratory judgment against Feld, which was later removed to the Eastern District of Texas

1

under diversity jurisdiction (*See* Dkt. #54 at p. 27).[1] Also on July 11, 2014, Feld filed its complaint against Traxxas in the Eastern District of Virginia, alleging breach of contract claims (Dkt. #1). On August 15, 2014, the Feld case was transferred from the Eastern District of Virginia to this Court (Dkt. #21).

On April 3, 2015, Traxxas filed its Motion for Summary Judgment (Dkt. #51). On April 27, 2015, Feld filed its response (Dkt. #84). On May 11, 2015, Traxxas filed its reply (Dkt. #97). On May 21, 2015, Feld filed its sur-reply (Dkt. #105).

On April 3, 2015, Feld filed its Motion for Summary Judgment (Dkt. #54). On April 27, 2015, Traxxas filed its response (Dkt. #81). On May 11, 2015, Feld filed its reply (Dkt. #92). On May 21, 2015, Traxxas filed its sur-reply (Dkt. #109).

On June 24, 2015, the Court ordered *Traxxas, LP v. Feld Motor Sports, Inc.*, No. 4:14-CV-463 (E.D. Tex. 2014) and *Feld Motor Sports, Inc. v. Traxxas, LP*, No. 4:14-CV-543 (E.D. Tex. 2014) to be consolidated. However, the Court indicated that it would render its decision as to which case would be designated as the lead case at a later date. Since that time, the Court has designated *Feld Motor Sports, Inc. v. Traxxas LP*, No. 4:14-CV-543 (E.D. Tex. 2014), as the lead case.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to

---

[1] Originally, there were two cases involving the same factual dispute filed by the parties, *Traxxas, LP v. Feld Motor Sports, Inc.*, 4:14-CV-463 (E.D. Tex. 2014) and *Feld Motor Sports, Inc. v. Traxxas, LP*, 4:14-CV-543 (E.D. Tex. 2014). The cases have since been consolidated, with documents being filed under the lead case, *Feld Motors Inc. v. Traxxas LP*, No. 4:14-CV-543 (E.D. Tex. 2014).

judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the

evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the record and the arguments presented, the Court is not convinced that Plaintiff or Defendant has met its burden demonstrating that there is no material issue of fact entitling it to judgment as a matter of law. The case should proceed to trial.

## CONCLUSION

It is therefore **ORDERED** that Defendant Traxxas, LP's Motion for Summary Judgment (Dkt. #51) is hereby **DENIED**, and Plaintiff Feld Motor Sport, Inc.'s Motion for Summary Judgment (Dkt. #54) is hereby **DENIED**.

**SIGNED this 31st day of July, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE