IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS—SHERMAN DIVISION

| | |
|---|---|
| FELD MOTOR SPORTS, INC., <br> *Plaintiff*, <br><br> v. <br><br> TRAXXAS, LP, <br><br> *Defendant*. | Case No. 4:14-cv-00543-ALM |

**PLAINTIFF FELD MOTOR SPORTS, INC.'S
OBJECTIONS TO TRAXXAS, LP'S
PROPOSED CHANGES TO VERDICT AND FINAL JURY CHARGE**

Feld Motor Sports, Inc. ("FMS") opposes Traxxas, LP's ("Traxxas's") eleventh-hour attempt to resolve a disputed factual issue through its "Proposed Changes to Verdict and Final Jury Charge," filed at 8:30 PM on the Sunday before possibly the last day of trial. FMS also opposes Traxxas's proposed modification to the Court's jury charge, which inaccurately states the role course-of-conduct evidence plays in the interpretation of an ambiguous contract.

FMS objects to Traxxas's proposals One, Two, and Three, insofar as they presuppose the resolution of a disputed fact, *i.e.* that "the Stampede" is defined exclusively as Traxxas model 3605/36054. Traxxas would have the Court resolve a core factual dispute in this case—the meaning of the phrase "the Stampede"—simply by modifying the Court's verdict form. The Court should summarily dismiss this request, as it is at odds with the evidence. Indeed, when the jury asked Kent Poteet—whom Traxxas positioned as "the guy" with respect to Traxxas's R/C products—how a person outside Traxxas would understand that "the Stampede" refers to a product with a specific model number, Mr. Poteet could not offer a credible answer. Moreover, testimony of current and former Traxxas employees directly contradicts Traxxas's back-door attempt to rehabilitate Mr. Poteet through last-second modifications to the Court's verdict form.

For example, Paul Smith, Traxxas's controller, testified that *each* Stampede model is a *version* of *the Stampede*. Furthermore, Tommy DeWitt, Traxxas's former General Manager and VP of Sales, testified that *each* Stampede model is manufactured with *the Stampede* body and *the Stampede* chassis. A verdict form that defines "the Stampede" as a specific product with a specific model number would disregard all of this evidence, and it would be extraordinarily prejudicial to FMS.

As discussed in chambers on August 27, 2015, however, FMS does not oppose modifying the Court's jury charge and verdict form to refer to "Stampede Model 3605/36054" instead of "Stampede Model 3605." Given that Mr. Poteet, after the August 27 conference, then testified about the Stampede product with model number 36054, inclusion of that model number in the charge and verdict form will reduce the likelihood of jury confusion with respect to the Stampede model for which Traxxas reported sales to FMS.

FMS also objects to Traxxas's proposed change Four—pertaining to subsequent conduct—in its entirety. Traxxas provides no justification for revising a valid jury instruction that accurately states the law regarding waiver of the Agreement. When interpreting an ambiguous contract, New York law does not establish a preference for one type of extrinsic evidence over another as Traxxas suggests. "If the language of a contract is ambiguous, interpretation of the contract becomes a question of fact for the fact finder and extrinsic evidence of the parties' intent is admissible. The primary objective in contract construction is 'to give effect to the intent of the contracting parties *as revealed by the language they chose to use*.' To determine intent, the court should look to the contract as a whole *and* the parties' conduct." *Raine v. CBS, Inc.*, 25 F. Supp. 2d 434, 444 (S.D.N.Y. 1998) (internal citations and modifications omitted) (emphasis added). "Where the language used is ambiguous or unclear, a

court may consider extrinsic matters, not to vary the terms of the contract but *to explain, clarify or elucidate the ambiguous language*." *ABC Radio Network, Inc. v. Lens Am., Inc.*, No. 97 CIV. 9467 (WHP), 1999 WL 771360, at *3 (S.D.N.Y. Sept. 28, 1999) (emphasis added).[1]

The language from *Waverly Corp. v. City of New York*, 48 A.D.3d 261 (1st Dep't 2008) on which Traxxas relies for the proposition that conduct is the "best evidence" of the parties' intent" is dictum taken out of context. In *Waverly*, the Appellate Division cited *Barbour v. Knecht*, 296 A.D. 218, 224 (1st Dep't 2002), which in turn cited *Webster's Red Seal Publications, Inc. v. Gilberton World-Wide Publications, Inc.*, 67 A.D.2d 339 (1st Dep't 1979). But *Webster's* involved a "*modification* implied in fact from the conduct of the parties"—which the no-waiver clause expressly prohibits here—and did not announce a general rule of *construction* for interpreting ambiguous contracts. 67 A.D.2d at 341 (emphasis added). Moreover, in *Waverly* the Appellate Division found that the contract at issue was *unambiguous*, so its brief mention of the parties' intent was not a holding.

Accordingly, FMS objects to each of Traxxas's proposed changes to the verdict and final jury charge.

---

[1] *See also Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177-78 (2d Cir. 2004) ("Typically, the best evidence of intent is the contract itself. . . . If the contract is ambiguous, extrinsic evidence may be considered to ascertain the *correct and intended meaning of a term or terms*.") (internal citations omitted) (emphasis added); *Cibro Petroleum Products, Inc. v. Sohio Alaska Petroleum Co.*, 602 F. Supp. 1520, 1546 (N.D.N.Y. 1985) aff'd, 798 F.2d 1421 (Temp. Emer. Ct. App. 1986)("[I]f the contract is ambiguous, extrinsic evidence may be considered to determine the parties' intent, and to determine the meaning of the language contained therein.") (internal citations omitted).

                                          Respectfully submitted,

                                          */s/ Walter E. Anderson*
                                          Walter E. Anderson
                                          wanderson@hwglaw.com
                                          Charles T. Kimmett
                                          ckimmett@hwglaw.com
                                          Admitted *pro hac vice*
                                          Harris, Wiltshire & Grannis LLP
                                          1919 M Street, NW, The Eighth Floor
                                          Washington, DC 20036
                                          Telephone: (202) 730-1300
                                          Facsimile: (202) 730-1301

August 31, 2015

## CERTIFICATE OF SERVICE

    I hereby certify that on August 31, 2015, a true and correct copy of the foregoing was filed with the Clerk of Court and served on all counsel of record electronically through the Court's CM/ECF system.

                                          */s/ Walter E. Anderson*

                                          Walter E. Anderson