IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS—SHERMAN DIVISION

| FELD MOTOR SPORTS, INC., | |
|---|---|
| *Plaintiff*, | CIVIL ACTION NO. 4:14-CV-543-ALM |
| v. | |
| TRAXXAS, LP, | |
| *Defendant*. | |

**TRAXXAS, LP'S RESPONSE TO MOTION IN SUPPORT OF BILL OF COSTS**

Traxxas, L.P. ("Traxxas") files this response to Feld Motor Sports, Inc.'s ("FMS") Motion in Support of Bill of Costs ("Motion") and respectfully shows the Court as follows:

## I.  INTRODUCTION

FMS improperly seeks $41,615.61 in its Bill of Costs, of which Traxxas does not dispute $20,168.85.

| Cost | FMS Claims | Traxxas Does Not Dispute | Difference |
|---|---|---|---|
| Filing Fees | $800 | $400 | $400 |
| Transcripts[1] | $32,285.20 | $15,717.95[2] | $16,567.25 |
| Printing & Copying | $7,605.12 | $3,365.60 | $4,239.52 |
| Docketing | $20 | $20 | $0 |
| Witness / Travel | $905.30 | $665.30 | $240 |
| Total | $41,615.62 | $20,168.85 | $21,446.77 |

---

[1] Traxxas agrees that both printed and electronic depositions were necessary for Allison Lort, Sidney Blum, Scott Wentzel and Kevin Hetmanski, as the parties had either previously agreed to the necessity of having those depositions in both mediums or because legitimate concerns existed that the witness would be unable to appear in court. *See Baisden v. I'm Ready Prods., Inc.,* 793 F. Supp. 2d 970, 977 (S.D. Tex. 2011).

[2] Traxxas does not dispute the cost of the printed and video deposition of Scott Wentzel. However, the invoice submitted by FMS totaled $443.60, not $839.10 as identified in their Motion. Of the $443.60, Traxxas does not dispute $389.10.

The difference of $21,446.76 is unnecessary and not properly taxed as costs. FMS cannot recover $16,567.25 for unnecessary deposition expenses; $4,239.52 for printing and copying that was not necessarily obtained for use in the litigation; $240 in witness fees for the attendance of its corporate representative throughout trial; or $400 in filing fees for its unnecessarily filed, duplicative pleadings in Virginia. Accordingly, the Court should limit FMS' costs to $20,168.85.

## II. ARGUMENT AND AUTHORITIES

### A. $16,567.25 in Transcript and Deposition Costs Were Unnecessary.

FMS may not recover costs for depositions if the depositions or transcripts were not necessarily obtained for use in this case. *See* 28 U.SC. 1920(2), (4); *Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 316 (5th Cir. 2011) (citing *Fogleman v. ARAMCO,* 920 F.2d 278, 285 (5th Cir.1991)). It is insufficient for a party to merely parrot compliance with the necessity requirement, as FMS does here; the moving party must present the Court with proof that the depositions were necessary. *Vanderbilt Mortg. & Fin., Inc. v. Flores*, CIV.A. C-09-312, 2011 WL 2160928, at *10 (S.D. Tex. May 27, 2011) ("To obtain reimbursement for depositions under § 1920(2), the prevailing party must demonstrate to the court's satisfaction that the depositions were necessary to the party's case . . . The mere recitation with talismanic regularity of the phrase 'necessarily obtained for use in the case' [is not sufficient.] Some further showing is necessary."). FMS skips this essential prerequisite.

FMS seeks $32,285.20; overreaching on the costs to which it may be entitled in five different ways. First, the entire expense for three depositions that were unnecessary at the time they were taken should not be awarded. Second, FMS cannot seek reimbursement for video deposition expenses in addition to written transcripts for witnesses who were presented live at

trial. Third, FMS is not entitled to reimbursement of miscellaneous fees from the deposition court reporter under a catch-all of deposition expenses. Fourth, FMS did not have Court permission to obtain overnight transcriptions during the trial and those expenses cannot be taxed. Finally, the Court should not tax forum shopping expenses to the Defendant.

| Expenses | Vendor | Date | Amount Sought | Traxxas Does Not Dispute | Disputed Difference |
|---|---|---|---|---|---|
| Hearing on motions transcript | Court Reporter (Wilson) | 8/26/2014 | $106.70 | $0.00 | $106.70 |
| Poteet Depo | Digital Evidence Gr. | 11/26/2014 | $2,756.30 | $1,084.05 | $1,672.25 |
| Abernethy Depo | Digital Evidence Gr. | 12/4/2014 | $3,871.50 | $1,651.00 | $2,220.50 |
| Poteet S&H | Digital Evidence Gr. | 12/9/2014 | $20.00 | $0.00 | $20.00 |
| Abernethy S&H | Digital Evidence Gr. | 12/11/2014 | $20.00 | $0.00 | $20.00 |
| Edwards Depo | Digital Evidence Gr. | 12/15/2014 | $1,993.10 | $945.35 | $1,047.75 |
| Mulder Depo | Digital Evidence Gr. | 12/18/2014 | $1,448.30 | $686.20 | $762.10 |
| DeWitt Depo | Digital Evidence Gr. | 12/29/2014 | $2,176.60 | $981.85 | $1,194.75 |
| Edwards S&H | Digital Evidence Gr. | 12/29/2014 | $20.00 | $0.00 | $20.00 |
| Murray Depo | Digital Evidence Gr. | 12/31/2014 | $2,582.75 | $1,046.50 | $1,536.25 |
| Mulder/DeWitt S&H | Digital Evidence Gr. | 1/5/2015 | $20.00 | $0.00 | $20.00 |
| Murray S&H | Digital Evidence Gr. | 1/10/2015 | $20.00 | $0.00 | $20.00 |
| Lort/Hudgens S&H | Digital Evidence Gr. | 2/4/2015 | $35.00 | $0.00 | $35.00 |
| Lort Depo | Digital Evidence Gr. | 1/29/2015 | $1,893.00 | $1,767.25 | $125.75 |
| Hudgens Depo | Digital Evidence Gr. | 1/29/2015 | $1,478.75 | $763.75 | $715.00 |

| M. Mattorano Depo | Digital Evidence Gr. | 2/23/2015 | $2,941.60 | $1,449.05 | $1,492.55 |
|---|---|---|---|---|---|
| L. Mattorano/Smith | Digital Evidence Gr. | 2/23/2015 | $2,129.25 | $454.75 | $1,674.50 |
| Jenkins Depo | Digital Evidence Gr. | 2/23/2015 | $2,494.95 | $1,186.25 | $1,308.70 |
| Blum Depo | Digital Evidence Gr. | 3/3/2015 | $2,638.35 | $2,128.85 | $509.50 |
| Wentzel Depo | Digital Evidence Gr. | 3/6/2015 | $443.60 | $389.10 | $54.50 |
| Lake/Stasey Depos | Digital Evidence Gr. | 3/12/2015 | $1,129.75 | $0.00 | $1,129.75 |
| Hetmanski Depo | Digital Evidence Gr. | 3/12/2015 | $1,507.00 | $1,184.00 | $323.00 |
| Blum/Hetmaski S&H | Digital Evidence Gr. | 3/27/2015 | $20.00 | $0.00 | $20.00 |
| Tr. Transcript - DeWitt, openings and Poteet | U.S. Dist. Court | 9/2/2015 | $538.70 | $0.00 | $538.70 |
| | **TOTAL:** | | $32,285.20 | $15,717.95 | $16,567.25 |

### 1. FMS cannot recover $2,108.50 for depositions it knew from the outset were unnecessary.

All forms of the depositions of Stasey, Lake and Luke Mattorano were unnecessary.[3] FMS knew from the outset these witnesses lacked unique knowledge of the underlying transaction. *See Halliburton Energy Services, Inc. v. M-I, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. 2007) (quoting *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1099 (5th Cir.1982), *overruled on other grounds in Int'l Woodworkers of Am. v. Champion Int'l Corp.,* 790 F.2d 1174 (5th Cir.1986)) ("The costs of a deposition are allowed 'if the taking of the deposition is shown to have been reasonably necessary in the light of the facts known to counsel at the time it was taken.'"). These three depositions were taken late in the deposition schedule and the witnesses

---

[3] *See* Sean Lemoine Declaration dated October 22, 2015 (Lemoine Dec.), ¶ 12.

did not impart substantive knowledge of the issues; in fact, none of these witnesses negotiated or signed the underlying contract. Neither party called the witnesses at trial or used the depositions in dispositive motions.

Other than parroting the statutory talisman, FMS has failed to provide any evidence of its good faith belief that the depositions were reasonably necessary at the time they were taken. Therefore, the Court should deny the costs associated with these depositions in the amount of $2,108.50.

### 2. FMS cannot recover $9,300 for unnecessary, duplicative deposition formats.

Where, as here, both printed and electronic depositions expenses are incurred, the cost of both is not recoverable. *Eastman Chem. Co. v. PlastiPure, Inc.*, A-12-CA-057-SS, 2013 WL 5555373, at *6 (W.D. Tex. Oct. 4, 2013) (holding that prevailing party could not "tax as costs both paper transcripts and video depositions of the same depositions where the videos were not used at trial.")[4]; *Stoffels v. SBC Communications, Inc.*, SA-05-CV-0233-XR, 2012 WL 2122191, at *2 (W.D. Tex. June 11, 2012) ("The Court notes that SBC Communications seeks recovery for the costs of the transcripts as well as for the video recordings of these depositions. The Court does not generally award costs for both."). If the duplicative deposition is taken for the mere convenience of a party, it is not taxable. *See HEI Res. E. OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co.,* No. CIV.A. 5:07–CV–62, 2010 WL 536997, at *5 (S.D. Tex. Feb. 10, 2010) ("The undersigned will not allow Plaintiff to recover nearly double the costs for a deposition transcript merely for the convenience of having the deposition record in both written and electronic format.").

---

[4] Traxxas does not dispute the duplicative transcription and video costs for Lort, Blum, Wentzel and Hetmanski, as the parties had either previously agreed to the necessity of having those depositions in both mediums or because the deponents were not within FMS' control or within the subpoena power of the Court. *See Baisden v. I'm Ready Prods., Inc.,* 793 F. Supp. 2d 970, 977 (S.D. Tex. 2011).

There is no *per se* entitlement to double recovery for both printed and video deposition expenses under 28 U.S.C. § 1920(2) and FMS cannot recover those costs for depositions or deposition formats that were unnecessarily obtained. See also *Nilesh Enters., Inc. v. Lawyers Title Ins. Corp.*, 2010 WL 2671728, at *3 & n.20 (W.D.Tex. July 1, 2010); *Amana Society, Inc. v. Excel Eng'g, Inc.*, 2013 WL 427394, at *3 (N.D.Iowa Feb. 4, 2013); *Winter v. Novartis Pharm. Corp.*, 2012 WL 3993623, at *4 (W.D.Mo. Sept. 11, 2012); *Chism v. New Holland N. Am., Inc.*, 2010 WL 1961179, at *4 (E.D.Ark. May 13, 2010); *Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, 2010 WL 1935998, at *2 (E.D.Mo. May 10, 2010); *Pierson v. Ford Motor Co.*, 2010 WL 431883, at *4 (N.D.Cal. Feb. 2, 2010); *Thomas v. Newton,* 2009 WL 1851093, at *4 (E.D. Mo. June 26, 2009).

*Eolas v. Adobe Sys., Inc.* does not support an award of video costs as Plaintiff suggests.[5] The *Eolas* decision is limited to its facts, which are not present here. Without the factual predicate that the video was "necessary for use at trial," no cost should be taxed.[6] FMS did not designate any electronic deposition testimony for use at trial. In fact, FMS presented only live witness testimony at trial. As FMS easily anticipated that the witnesses under its control would appear live and Traxxas witnesses were available by subpoena, FMS has not carried its burden. Indeed, FMS does not assert a factual basis of necessity or allege that the depositions served any purpose other than the convenience of counsel.

### a. FMS cannot recover video expenses for witnesses under its control.

There is no necessity for video depositions of witnesses who are under a party's control. *See Jerry v. Fluor Corp.*, CIV.A. H-10-1505, 2012 WL 4664423, at *5 (S.D. Tex. Oct. 2, 2012)

---

[5] *Eolas Technologies Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803 (E.D. Tex. 2012), *aff'd sub nom. Eolas Technologies Inc. v. Amazon.com, Inc.*, 521 Fed. Appx. 928 (Fed. Cir. 2013).

[6] Traxxas has agreed to the transcript and video deposition expenses of Lort, Wentzel, Hetmanski and Blum, all of whom were outside the Court's subpoena power.

(prevailing party may not recover for video deposition of witness under its control). Abernathy, Murray, Edwards, and Hudgens were all under FMS' control, were expected to, and in fact did, give live testimony at trial—eliminating any need to have their depositions in multiple formats. Therefore, the Court should not award $3,700 for the video depositions of these witnesses.

### b. FMS cannot recover video expenses for witnesses it could subpoena.

Moreover, video depositions of witnesses controlled by a party and within the Court's subpoena power should not be taxed as costs. *Baisden,* 793 F. Supp. 2d at 977 (both written and electronic depositions recoverable where the only videotaped depositions were those of witnesses whose live attendance at trial was uncertain). The video depositions of Poteet, Mulder, DeWitt, Milo Mattorano, Jenkins and Smith were merely for the convenience of FMS' counsel, as each of these deponents was either a party witness and/or was within the subpoena power of the Court. Therefore, the Court should not allow $5,600 to be taxed as costs as the video costs of those depositions.

### 3. FMS cannot recover $4,513.35 for costs not permitted by statute.

FMS claims depositions expenses for, *inter alia*, appearance fees for the court reporter, Real time fees, shipping and handling, rough drafts, and exhibit scanning. These fees are not recoverable under 28 U.S.C. § 1920(2). A prevailing party may only recover those costs permitted by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). While the Court may include or exclude certain factors in the statute, the list is exhaustive. *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 686 (E.D. Tex. 2007) ("A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute.").

Shipping, whether overnight or otherwise, is not generally a recoverable expense. *Stoffels*, 2012 WL 2122191, at *3 (citing *Mota v. The Univ. of Tex. Houston Health Sci. Ctr.,* 261 F.3d 512, 529 (5th Cir.2001) ("Costs for mail services have consistently been disallowed on the grounds that these expenses are only for the convenience of the attorney."). None of the aforementioned items are specifically accounted for in 28 U.S.C. § 1920, barring FMS' ability to recover them.

Moreover, the law is settled that other incidental expenses associated with depositions may not be recovered. *Maurice Mitchell*, 491 F. Supp. 2d at 687 ("[I]ncidental costs associated with depositions . . . are generally not recoverable."); *Halliburton*, 244 F.R.D. at 371 (E.D. Tex. 2007). Because FMS failed to justify how all the expenses it seeks are recoverable—as is its burden—the Court should limit its recovery to the basic transcript costs deducting $4,513.35 from the total claimed for Real time deposition transcripts, exhibit scanning, appearance fees for the court reporter, and rough drafts. *Hoffman v. L & M Arts*, 3:10-CV-0953-D, 2015 WL 1000864, at *8 (N.D. Tex. 2015) (quoting *Halliburton*, 244 F.R.D. at 372) ("'The burden is on the party seeking recovery of costs to show what portion of a particular invoice is recoverable.' When the party fails to meet this burden, the court can disallow all costs and limit the recovering party to the basic transcript charge, where those charges are itemized.").

FMS should be limited to the actual deposition transcript costs and the incidental line item entries on each deposition invoice should be excluded.

### 4. FMS may not recover $538.70 for overnight transcripts during trial.

FMS is not entitled to recover the cost of expedited trial testimony transcripts. "The extra cost of obtaining expedited transcripts is not taxable 'unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the

transcript.'") *Stoffels*, 2012 WL 2122191, at *2 (quoting *Fogleman*, 920 F.2d at 286). FMS did not seek Court approval prior to ordering expedited transcripts, nor has it shown that the character of the case necessitated the expense. Because it is impossible to determine what the cost of the transcript would have been on a non-expedited basis and because FMS did not show that the transcript was necessarily obtained for use in this case as opposed to providing convenience for counsel, this sum should be disallowed.

     5.    **FMS cannot recover $106.70 for the Virginia hearing transcript.**

Express in 28 U.S.C. § 1920(2) is the requirement that a transcript be necessarily obtained for use in the case if a party seeks to recover its cost. The burden is on the moving party to show necessity. *Hoffman*, 2015 WL 1000864, at *8. FMS does not explain why the Virginia hearing transcript was deemed essential at the time that it was ordered and failed to point to any instance where counsel utilized the transcript for trial. Accordingly, this cost should be denied.

   **B.**  **$4,239.52 for Printing and Copies Were Unnecessary.**[7]

FMS cannot recover costs for printed material that was not necessarily obtained for use in the case, and cannot rely on the mere recitation of statutory language to establish compliance there with. *See* 28 U.S.C. § 1920(4); *Vanderbilt Mortg. & Fin., Inc.*, 2011 WL 2160928, at *10. FMS was required to provide the Court with proof of necessity of the copies. *Sieber & Calicutt v. Sphere Drake Ins. Co.*, 6:01-CV-454, 2003 WL 470546, at *2 (E.D. Tex. 2003) (citing *Holmes v. Cessna Aircraft Coo.*, 11 F.3d 63, 64 (5th Cir. 1994) ("Costs of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity.") (internal citations omitted).

---

[7] Of the total $7,605.12 sought, Traxxas does not dispute costs incurred for A-Legal Reproduction in the sum of $3,365.60 as the cost of preparing and presenting required exhibits for trial.

FMS provides no such proof and instead attaches invoices with the vague, talismanic assurance that these materials were "necessarily obtained for use in this case." Motion, p.3. Though FMS is not required to account for each individual photocopy, it must still provide sufficient detail by which the Court can determine whether the expense was, in fact, necessary. *Sieber & Calicutt*, 2003 WL 470546, at *2 (citing *Fogleman*, 920 F.2d at 286) ("The party seeking costs need not "identify every xerox copy made for use in the course of legal proceedings." However, it must demonstrate some connection between the costs incurred and the litigation. Charges for multiple copies of documents, attorney correspondence, and other such items are not recoverable."); *Halliburton*, 244 F.R.D. at 372 (citing *Fogleman*, 920 F.2d at 286) ("Charges for multiple copies of documents . . . are not recoverable.").

On the face of the copy invoices from Sequential, Inc. the Court can observe both the date of the copy job and that four (4) copies of the same item were repeatedly produced. FMS did not provide an explanation why the additional expenses *were necessary* and the invoices shed no light on what material was copied and the ultimate use of the material reproduced. As such, the $4,239.52 difference between what FMS seeks and what were proper copies for trial should be disallowed.

### C. FMS May Not Recover $240 In Witness Fees.

FMS seeks recovery of $905.30 for the attendance and travel expenses associated with the trial and deposition testimony of Hudgens, Abernethy and Murray. Of the 22 total days sought, six are for Abernethy "as FMS' corporate representative." Motion p.4, n. 1. 28 U.S.C. § 1821 permits the reimbursement of $40 per day for a witness's attendance at a deposition or trial. However, this fee is applicable only a person appearing as an actual witness and not to one who appears in a corporate representative capacity. *See Sealey*, 2013 WL 3772470, at *6 ("Richardson testified as the corporate representative for Defendant EmCare, and Defendants are

thus denied any witness fees."); *Morrison v. Alleluia Cushion Co., Inc.*, 73 F.R.D. 70, 71 (N.D. Miss. 1976) ("Mr. Morris . . . was defendant's designated representative at trial and . . . must be assigned the role of a party to the litigation and, as such, witness fees and expenses are not allowable as an item of costs to be recovered from the losing party"); *Gillam v. A. Shyman, Inc.*, 31 F.R.D. 271, 273 (D. Alaska 1962) ("Witness fees in the federal court are not allowed to parties to the action."). Thus, FMS may not recover $240 with respect to Abernethy.

### D. FMS May Not Recover $400 Filing Fees for Forum Shopping.

FMS should not be permitted to recover $400 related to its failed attempt to forum shop. *See generally Berry v. N.Y. State Dept. of Correctional Services,* 947 F.Supp. 647, 651 (W.D.N.Y.1996) (filing unsuccessful motion to transfer venue non-compensable expense). As the Court is aware, this matter has been plagued by duplicate filings from the outset. The reason for this unnecessary effort stems from FMS' self-inflicted, unsuccessful effort to have this matter tried in Virginia. Virtually all of the claims asserted by both parties in the Virginia action were already raised in the first-filed Texas action. The Virginia court also determined that that state was not a proper forum for litigation.

### III. CONCLUSION

For the foregoing reasons, the Court should deny FMS $21,446.76 of its requested costs, limit its recovery to $20,168.85 and accord Traxxas whatever other relief it deems just and proper.

Dated: October 22, 2015.                    Respectfully submitted,

*/s/ J. Sean Lemoine*

Bryan J. Wick
Texas State Bar Number 24003169
bryan.wick@wickphillips.com
J. Sean Lemoine
Texas State Bar Number 24027443
sean.lemoine@wickphillips.com
Darla J. Gabbitas
Texas State Bar Number 24089458
darla.gabbitas@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: 214.692.6200
Facsimile: 214.692.6255

**ATTORNEYS FOR
TRAXXAS, LP**

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned attorney of record certifies that a copy of the foregoing instrument was served upon opposing counsel by ECF, on October 22, 2015.

*/s/ J. Sean Lemoine*
J. Sean Lemoine