IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FELD MOTOR SPORTS, INC., Plaintiff, v. TRAXXAS, LP, Defendant. | § § § § § § § § § § § § § § | No. 4:14-cv-00543-RC-ALM |

1. My name is J. Sean Lemoine. I am an adult and a resident of Dallas County, Texas. I am a partner with the law firm of Wick Phillips Gould & Martin, LLP ("Wick Phillips").

2. I am an attorney at law duly admitted and licensed to practice before the courts of the State of Texas. I was so licensed in November 2000. I am also a member in good standing in the Eastern and Northern Districts of Texas, United States District Courts. My CV is attached hereto as Exhibit A.

3. I am counsel of record for the Traxxas, LP ("Traxxas") in the above styled case and the consolidated matter, *Traxxas, LP v. Feld Motor Sports, Inc.*, Ca. No. 4:14-cv-463 (combined, the "Traxxas/FMS Litigation").

4. I tried my first bench trial in 2003. I have been the lead attorney on multi-week trials involving commercial litigation matters in excess of ten million dollars. As co-lead counsel, I have tried multi-week commercial jury cases (seeking between one million and forty million dollars) with the longest case consisting of seventeen (17) days

trial time. Part of my practice consists of properly evaluating a case and determining the most cost effective discovery strategies to prepare and present dispositive motions and present and defend my client's case at trial.

5. Between September 2009 and January 2011, I did not try any cases because I was hospitalized with West Nile virus. Since January 2012, I average two commercial trials a year, typically one bench and one jury. At any given time I have ten (10) active commercial cases in which I am directing attorneys within our firm and/or outside counsel on all aspects of the case.

6. This contract interpretation dispute had eight (8) negotiators/fact witnesses, none of which resided in Virginia, and four (4) of which resided in Texas. Causation and breach were never factually contested, as the dispute turned on whether the License Agreement was ambiguous, and if so, what was the intent of the parties. The License Agreement contained a New York law clause and permissive Virginia forum selection clause, although FMS is in Illinois, Traxxas is in Texas, no witnesses were in Virginia, and the License Agreement was not performed in either Virginia or New York.[1]

7. The primary issue(s) where (1) is the contract ambiguous, and (2) if so, what did the parties intend "Stampede" to mean and how did they interpret the "Royalty Rate Clause" which is paragraph 5 of Ex. A to the License Agreement.

---

[1] *See* Plaintiff's Motion for Attorneys' Fees, p. 4 (the "Motion").

**DECLARATION OF J. SEAN LEMOINE** PAGE 2

8. Because it was undisputed that Traxxas did not pay on the entirety of the "Stampede Lineup," breach was not an issue in the lawsuit and the damage amount, of less than $1,000,000 (not including interest) was largely uncontested.[2]

9. The parties involved in negotiating the License Agreement totaled eight people, as identified in the chart below along with their physical location.

| FMS Witnesses to the License Agreement Negotiations | Traxxas Witnesses to the License Agreement Negotiations |
|---|---|
| Mark Abernethy (Illinois) | Kent Poteet (Texas) |
| Tim Murray (Kansas) | Milo Mattorano (Texas) |
| Allie Lort (New York) | Mike Jenkins (Texas) |
| Ken Hudgens (Illinois) | Tommy DeWitt (Texas) |

10. The negotiations ran from July 2010 through September 2010, creating a compact timeframe in which the primary intent issues would need to be examined. Subsequent behavior is relevant and covered a time period of September 2010 into 2014, but because the parties were not discussing their intent during that timeframe, the analysis for that three year period required much less time and energy in terms of in depth document review.

11. I estimate that I have taken in excess of 100 depositions in my career. Within the firm, I put on continuing legal education ("CLE") for associates concerning how to properly prepare for and take depositions, and how to prepare a witness for depositions. In preparation for those CLEs, I also read other CLEs and articles about how to properly take depositions to ensure we are teaching new and modern techniques.

12. In my opinion, FMS took unnecessary depositions and had them transcribed, which served to increase costs. The depositions of Lisa Lake, Luke

---

[2] *Compare* Ex. 57 p. 4 (total amount of $1,174,987.58, including interest) *with* Ex. 326, p. 5 (total amount of $1,314,545.88, including interest). Certain line items for parts included by FMS' auditor Doug Edwards. He subsequently abandoned seeking those parts resulting in a lower total damage number.

Mattorano, and Mike Stasey were (a) not used at trial; (b) taken of individuals that did not negotiate the License Agreement; and (c) were taken of people that were within the subpoena power of the Court. At a minimum, there was little to no value in taking those depositions, and there was no basis to take video deposition that could not otherwise be used at trial absent something happening to one of the witnesses.

13. To the extent that FMS sought specific information from these witnesses, such as their role in the payment of royalties to FMS, they could have used interrogatories to determine what relevance, if any, such witnesses had to the contract issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
J. Sean Lemoine



# Wick Phillips

## Law with Purpose.

BOOKMARK & SHARE  PRINT VIEW  HOME

ABOUT THE FIRM | ATTORNEYS | PRACTICE AREAS | NEWS | PUBLICATIONS | CONTACT US

**Texas Super Lawyers**
*Business Litigation 2014*

*Extensive Experience in*
**Commercial and Bankruptcy Litigation**

*Member of*
**Jessup International**
*Moot Court Team*

**Strategic Counseling**
*Complex Commercial Litigation Disputes*

**Note Editor**
*Vermont Law Review*

**National Debate Champion**
*1994 & 1995*

### J. Sean Lemoine
*Partner*

3131 McKinney Ave Suite 100
Dallas, Texas 75204

214.740.4053 *Direct*
214.692.6255 *Facsimile*

sean.lemoine@wickphillips.com

 V-CARD
PRINT



### PRACTICE AREAS
Complex Commercial Litigation
Bankruptcy-Related Litigation
Pre-Litigation and Corporate Counseling
Alternative Dispute Resolution

### EDUCATION
Northwestern State University (B.A., 1994)
Vermont Law School (J.D., 2000, *cum laude*)

Mr. Lemoine is a partner with Wick Phillips, and has practiced in the area of commercial and bankruptcy litigation for several years.

Mr. Lemoine has successfully represented clients through the completion of trial, arbitration, and mediation in a variety of complex commercial litigation disputes, with an emphasis on disputes between equity holders and directors/management. Prior to attending law school, Mr. Lemoine was a collegiate debater and college and high school debate coach, winning several national championships either as competitor or coach.

Prior to joining Wick Phillips, Mr. Lemoine practiced with the boutique litigation firm of Bickel & Brewer.

### AWARDS
Texas Super Lawyers, *Texas Monthly* (2014)
Texas Super Lawyers Rising Star, *Texas Monthly* (2009-2011)
*Vermont Law Review* (Note Editor)
Jessup International Moot Court Team
Thomas M. Debevoise National Moot Court Team
Environmental Moot Court Team
National Trial Advocacy Team
College Debate National Championships 1994 & 1995 (Northwestern State University & Michigan State University)

### CLE PRESENTATIONS AND PUBLICATIONS
"Anticipating and Resolving Shareholder Disputes" for National Business Institute

"Contracts 101 for Chief Administrative Officers" for ExecSense

"How to Read, Negotiate, & Dispute Aspects of Arbitration Provisions in Contracts as a Litigator" for ExecSense

"Evaluating a Business Tort" for 4th Annual Business Torts Institute, State Bar of Texas

"Essential Elements of Contracts" and "Non-Competition Issues" for National Business Institute

"Preserving a Fee Recovery by Carefully Structuring Non-Compete Agreements," The Practical Lawyer, 2012

http://wickphillips.com/sean-lemoine


EXHIBIT A

Privacy :: Disclaimers :: Sitemap    © 2014 Wick Phillips, Dallas, Texas. All rights reserved.

**Law with Purpose.**

3131 McKinney Ave Suite 100 Dallas, Texas 75204 (214) 692-6200
100 Throckmorton Street, Suite 500 Fort Worth, Texas 76102 (817) 332-7788
7004 Bee Caves Rd. Bld 1, Suite 110 Austin, TX 78746 (512) 681-3732

http://wickphillips.com/sean-lemoine